IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE PROVIDENT BANK, | CASE NO. |
| Plaintiff, | |
| v. | JUDGE **05-80022** |
| ROY H. BRESKY, M.D., INDIVIDUALLY AND AS TRUSTEE OF THE ROY H. BRESKY GRANTOR TRUST, AS TRUSTEE OF THE ANDREA F. BRESKY GRANTOR TRUST, AND AS TRUSTEE OF THE EVERGREEN PROFIT SHARING TRUST; ROY H. BRESKY, M.D., P.A.; ANDREA F. BRESKY, INDIVIDUALLY AND AS TRUSTEE OF THE ROY H. BRESKY GRANTOR TRUST AND AS TRUSTEE OF THE ANDREA F. BRESKY GRANTOR TRUST; KENNETH E. BRESKY, D.O.; KENNETH E. BRESKY, D.O., P.A.; GEORGE E. EDWARDS, AS TRUSTEE OF THE TRUST FOR THE BENEFIT OF KENNETH E. BRESKY, D.O., AND AS TRUSTEE OF THE TRUST FOR THE BENEFIT OF SHERYL KESSLER; EVERGREEN INVESTMENT GROUP LP; BETTY GINSBURG, AS TRUSTEE OF THE BETTY GINSBURG REVOCABLE TRUST; SHERYL KESSLER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF BRIANNA KESSLER, A MINOR, AND GRANT KESSLER, A MINOR; DOUGLAS KESSLER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF BRIANNA KESSLER, A MINOR, AND GRANT KESSLER, A MINOR; SHANDORO VENTURES, INC. and JOHN DOES I-VI, AS TRUSTEES OF THE ROY H. BRESKY GRANTOR TRUST, THE ANDREA F. BRESKY GRANTOR TRUST, THE EVERGREEN PROFIT SHARING TRUST, THE TRUST FOR THE BENEFIT OF KENNETH E. BRESKY, D.O., THE TRUST FOR THE BENEFIT OF SHERYL KESSLER AND THE BETTY GINSBURG REVOCABLE TRUST, | **COMPLAINT** <br><br> **(Jury Trial Demanded)** |
| Defendants. | |

NIGHT BOX FILED
JAN 11 2005
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CIV-HURLEY
HOPKINS

{M1301063_1}

## FACTS

### Introductory Facts

1.  Plaintiff, The Provident Bank ("Provident"), is an Ohio bank whose principal place of business is located in the State of Ohio.

2.  Roy H. Bresky, M.D. ("Bresky") is a citizen of Florida residing in Palm Beach County, Florida.

3.  Roy H. Bresky, M.D., P.A. (the "Bresky Practice") is a professional association organized and existing under the laws of the State of Florida and having its principal place of business in the City of Pompano Beach, Florida. At all times relevant to this action, Bresky was the sole owner of the Bresky Practice.

4.  Andrea F. Bresky ("Andrea Bresky") is an individual citizen of Florida residing in Palm Beach County, Florida. Andrea Bresky is the wife of Bresky, and the trustee of the Bresky Trust.

5.  Upon information and belief, the Roy H. Bresky Grantor Trust (the "Bresky Trust") is a trust established under the laws of the State of Florida. Upon information and belief, Bresky and/or Andrea Bresky are or were trustees of the Bresky Trust. The correct identification of the present trustee of the Bresky Trust is unknown and cannot be confirmed by Provident at this time.

6.  Upon information and belief, the Andrea Bresky Grantor Trust (the "Andrea Bresky Trust") is a trust established under the laws of the State of Florida. Upon information and belief, Andrea Bresky and/or Bresky are or were trustees of the Andrea Bresky Trust. The correct identification of the present trustee of the Bresky Trust is unknown and cannot be confirmed by Provident at this time.

7.     Kenneth E. Bresky, D.O. ("Kenneth Bresky") is an individual citizen of Florida residing in Palm Beach County, Florida. Kenneth Bresky is the son of Bresky.

8.     Kenneth E. Bresky, D.O., P.A. (the "Kenneth Bresky Practice") is a professional association organized and existing under the laws of the State of Florida and having its principal place of business in the City of Boynton Beach, Florida. Upon information and belief, at all times relevant to this action, Kenneth Bresky was the sole owner of the Kenneth Bresky Practice.

9.     Upon information and belief, the Trust for the Benefit of Kenneth Bresky, D.O. (the "Kenneth Bresky Trust") is a trust established under the laws of the State of Florida. Upon information and belief, George E. Edwards ("Edwards") serves as trustee of the Kenneth Bresky Trust. The correct legal name of the Kenneth Bresky Trust is unknown and cannot be confirmed by Provident at this time. Provident reserves the right to amend the Complaint.

10.    Evergreen Investment Group LP ("Evergreen LP") is a limited partnership established under the laws of the State of Delaware. Upon information and belief, at all times relevant to this action, Evergreen LP was legally and/or beneficially owned by Bresky and/or members of his family directly or as trust beneficiaries.

11.    Upon information and belief, the Evergreen Profit Sharing Trust is a trust established under the laws of the State of Florida for the benefit of Bresky and/or members of his family either directly or as beneficiaries. Upon information and belief, Bresky is or was a trustee of the Evergreen Profit Sharing Trust. The correct identification of the present trustee of the Evergreen Profit Sharing Trust is unknown and cannot be confirmed by Provident at this time.

12.    The Betty Ginsburg Revocable Trust (the "Betty Ginsburg Trust") is a trust established under the laws of the State of Florida. Upon information and belief, Betty Ginsburg is or was a trustee of the Betty Ginsburg Trust. The correct identification of the present trustee of the Betty Ginsburg Trust is unknown and cannot be confirmed by Provident at this time.

13. Sheryl Kessler is an individual citizen of Texas, residing in the City of Dallas, Texas. Sheryl Kessler is the mother and natural guardian of minor children Brianna Kessler and Grant Kessler. Sheryl Kessler is the daughter of Bresky.

14. Brianna Kessler, a minor, is an individual citizen of Texas, residing in the City of Dallas, Texas.

15. Grant Kessler, a minor, is an individual citizen of Texas, residing in the City of Dallas, Texas.

16. Upon information and belief, the Trust for the Benefit of Sheryl Kessler (the "Sheryl Kessler Trust") is a trust established under the laws of the State of Florida. Upon information and belief, Edwards serves as trustee of the Sheryl Kessler Trust. The correct legal name of the Sheryl Kessler Trust is unknown and cannot be confirmed by Provident at this time. Provident reserves the right to amend this Complaint.

17. Douglas Kessler is an individual citizen of Texas, residing in the City of Dallas, Texas. Douglas Kessler is the father and natural guardian of minor children Brianna Kessler and Grant Kessler.

18. Shandoro Ventures, Inc. ("Shandoro") is a corporation organized under the laws of the State of Texas and having its principal place of business in Dallas, Texas. Shandoro conducted business in multiple states, including the States of Texas and Florida. At all times relevant to this action, Bresky was a director, officer and stockholder of Shandoro.

19. John Does I through VI are individuals currently unidentified who now or, at times relevant to the Complaint, acted as trustees of the Bresky Trust, the Andrea Bresky Trust, the Evergreen Profit Sharing Trust, the Betty Ginsburg Trust, the Kenneth Bresky Trust and/or the Sheryl Kessler Trust.

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Provident and each of the Defendants are citizens of different States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### Master Lease 9812085 and Supplementary Schedules 9812085/10-19

21. On or before February 19, 1999, Bresky signed Master Lease Agreement No. 9812085 ("Master Lease 9812085") on behalf of Shandoro, as lessee. Subsequently, MedQuik Supply, Inc. ("MedQuik") became co-lessee with Shandoro on Master Lease 9812085. A true and correct copy of Master Lease 9812085 is attached hereto as Exhibit A.

22. Shandoro is an active Texas corporation, not currently in good standing. MedQuik is an inactive Florida corporation. Upon information and belief, neither Shandoro nor MedQuik is currently engaging in business activities.

23. Pursuant to Master Lease 9812085, Shandoro and MedQuik (collectively, the "Lessees") agreed to lease from Commercial Money Center ("Lessor"), as lessor, all equipment and software described in each Supplementary Schedule executed from time to time pursuant to Master Lease 9812085.

24. Bresky executed ten (10) Supplementary Schedules to Master Lease 9812085 ("Supplementary Schedules 9812085/10-19"). True and correct copies of Supplementary Schedules 9812085/10-19 are attached hereto as Exhibit B.

25. Pursuant to Supplementary Schedules 9812085/10-19, the Lessees agreed to lease from Lessor various computer equipment, software and related items and make aggregate monthly rental payments of $90,249.10.

### Master Lease 9812084 and Supplementary Schedules 9812084/25-37

26. On or before February 19, 1999, Bresky signed Master Lease Agreement No. 9812084 ("Master Lease 9812084" and, together with Master Lease 9812085, the "Master

{M1301063_1}

Leases") on behalf of Shandoro, as lessee. Subsequently, MedQuik became co-lessee with Shandoro on Master Lease 9812084. A true and correct copy of Master Lease 9812084 is attached hereto as <u>Exhibit C</u>.

27.     Pursuant to Master Lease 9812084, the Lessees agreed to lease from Lessor, all equipment and software described in each Supplementary Schedule executed from time to time pursuant to Master Lease 9812084.

28.     Bresky executed thirteen (13) Supplementary Schedules to Master Lease 9812084 ("Supplementary Schedules 9812084/25-37" and, together with Supplementary Schedules 9812085/10-19, the "Supplementary Schedules"). True and correct copies of Supplementary Schedules 9812084/25-37 are attached hereto as <u>Exhibit D</u>.

29.     Pursuant to Supplementary Schedules 9812084/25-37, the Lessees agreed to lease from Lessor various computer equipment, software and related items and make aggregate monthly rental payments of $115,577.08.

### The Personal Guaranties

30.     As part of the terms of each Master Lease, Bresky executed a personal guaranty (the "Personal Guaranties").

31.     As part of the terms of the Personal Guaranties, Bresky agreed to "INDIVIDUALLY, PERSONALLY, ABSOLUTELY AND UNCONDITIONALLY GUARANTY" to Lessor and any person or firm Lessor may transfer its interest to "all payments and other obligations" owed by the Lessees under the Master Leases and the Supplementary Schedules. Bresky agreed that the Lessor could proceed to collect the obligations from Bresky without first proceeding against the Lessees. Bresky agreed further to pay attorneys' fees and legal costs incurred by Lessor and any person or firm Lessor may transfer its interest to in enforcing the Master Leases and the Supplementary Schedules.

{M1301063_1}

32. Pursuant to the terms of the Personal Guaranties, Bresky acknowledged that Lessor relied on the Personal Guaranties as an inducement and as a precondition to Lessor entering into the Master Leases.

33. Upon information and belief, at the time Bresky executed the Master Leases, the Personal Guaranties and the Supplementary Schedules, he had a net worth of over $30,000,000.

### The Assignment of Master Lease 9812085 and Supplementary Schedules 9812085/10-19

34. The Master Leases expressly permit the Lessor to assign its interest in the Master Leases and the Supplementary Schedules at any time without prior notice.

35. On or about September 21, 1999, Lessor sold, assigned, transferred and set over to Guardian Capital, LLC ("Guardian"), its successors and assigns, all of Lessor's right, title and interest in, to and under Master Lease 9812085, including the Personal Guaranties, and Supplementary Schedules 9812085/10-19, including, without limitation, the right to receive all payment of the rent set forth in each of the Supplementary Schedules 9812085/10-19.

36. As part of the transactions between Lessor and Guardian and pursuant to a certain Sale and Servicing Agreement, Lessor became the subservicer of Master Lease 9812085 and Supplementary Schedules 9812085/10-19.

37. By virtue of a Credit and Security Agreement dated September 24, 1999 between Guardian and Provident, Guardian granted to Provident an assignment of and a security interest in, among other things, Guardian's right, title and interest in Master Lease 9812085, including the Personal Guaranties, and Supplementary Schedules 9812085/10-19, including, without limitation, the right to receive all payment of the rent set forth in each of Supplementary Schedules 9812085/10-19, and granted to Provident the full right and authority to enforce the Personal Guaranties.

### The Assignment of Master Lease 9812084 and
### Supplementary Schedules 9812084/25-37

38.     On or about April 21, 2000, Lessor sold, assigned, transferred and set over to Diversity Capital One, Inc. ("Diversity"), its successors and assigns, all of Lessor's right, title and interest in, to and under Master Lease 9812084, including the Personal Guaranties, and Supplementary Schedules 9812084/25-37, including, without limitation, the right to receive all payment of the rent set forth in each of the Supplementary Schedules 9812084/25-37.

39.     As part of the transactions between Lessor and Diversity and pursuant to a certain Sale and Servicing Agreement, Lessor became the subservicer of Master Lease 9812084 and Supplementary Schedules 9812084/25-37.

40.     By virtue of a Credit and Security Agreement dated April 21, 2000 between Diversity and Provident, Diversity granted to Provident an assignment of and a security interest in, among other things, Diversity's right, title and interest in Master Lease 9812084, including the Personal Guaranties, and Supplementary Schedules 9812084/25-37, including, without limitation, the right to receive all payment of the rent set forth in each of Supplementary Schedules 9812085/25-31, and granted to Provident the full right and authority to enforce the Personal Guaranties.

### Bresky's Transfers

41.     Upon information and belief, commencing at about the time Bresky executed the Master Leases and continuing to the present, due to uncertainty as to the financial status and future financial success of Shandoro and MedQuik, Bresky, individually and/or through entities Bresky directed and/or controlled, including Shandoro, secretly transferred substantially all of his personal financial holdings to certain other family members, family member trusts and entities owned by other family members without receiving equivalent value in return, with the intent to conceal such personal assets from creditors and anticipated future creditors, including

those holding personal guarantees executed by Bresky on obligations owed by Shandoro and/or MedQuik, including the intent to conceal such personal assets from, but not limited to, Provident's assignors and Provident, and to retain the use and benefit of such transferred personal assets.

### Bresky's Failure to Honor the Personal Guaranties

42. Upon information and belief, from time to time through April of 2000, Shandoro and MedQuik failed to timely make certain of the scheduled monthly rental payments due under the Master Leases and the Supplementary Schedules. After May 2000, Shandoro and MedQuik stopped paying rental amounts due and owing under the Master Leases and the Supplementary Schedules altogether.

43. In accordance with his personal guaranties, Bresky made certain payments to Lessor due under the Master Leases and the Supplementary Schedules.

44. Pursuant to the terms of the Personal Guaranties, Bresky personally guaranteed a total of sixty-two (62) scheduled monthly payments in the amount of $90,249.10 each, to be made by Shandoro and MedQuik, as co-lessees, to Lessor and its assigns pursuant to Supplementary Schedules 9812085/10-19. Provident received from Lessor, as subservicer for the Master Leases and the Supplementary Schedules, twenty-seven (27) scheduled monthly payments, but has received no monthly payment since January, 2002. Bresky, as personal guarantor of Supplementary Schedules 9812085/10-19, failed to make any of the remaining scheduled monthly payments due and owing under Supplementary Schedules 9812085/10-19.

45. Pursuant to the terms of the Personal Guaranties, Bresky personally guaranteed a total of sixty-two (62) scheduled monthly payments in the amount of $115,577.08 each, to be made by Shandoro and MedQuik, as co-lessees, to Lessor and its assigns pursuant to Supplementary Schedules 9812084/25-37. Provident received from Lessor, as subservicer for

{M1301063_1}

9

the Master Leases and the Supplementary Schedules, twenty (20) scheduled monthly payments, but has received no monthly payment since January, 2002. Bresky, as personal guarantor of Supplementary Schedules 9812084/25-37, failed to make any of the remaining scheduled monthly payments due and owing under Supplementary Schedules 9812084/25-37.

## COUNT I
## BREACH OF PERSONAL GUARANTIES
### (Against Bresky)

46. Provident incorporates herein by reference the allegations of paragraphs 1 through 45 of the Complaint.

47. Pursuant to the terms of the Personal Guaranties, Bresky is liable for all payments and obligations owed to Provident under Master Lease 9812085 and Supplementary Schedules 9812085/10-19, including, but not limited to, attorneys' fees and legal costs.

48. As a direct and proximate result of Bresky's breaches of his personal guaranties, Provident sustained damages in an amount in excess of $2,410,349.42, plus interest and the costs of bringing this action, including reasonable attorneys' fees.

WHEREFORE, Provident demands judgment against Bresky for damages in an amount in excess of $2,410,349.42, plus pre-judgment and post-judgment interest, Provident's reasonable attorneys' fees and costs incurred in connection with this action, and such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF PERSONAL GUARANTIES
### (Against Bresky)

49. Provident incorporates herein by reference the allegations of paragraphs 1 through 48 of the Complaint.

50. Pursuant to the terms of the Personal Guaranties, Bresky is liable for all payments and obligations owed to Provident under Master Lease 9812084 and Supplementary Schedules 9812084/25-37, including, but not limited to, attorneys' fees and legal costs.

51. As a direct and proximate result of Bresky's breaches of his personal guaranties, Provident sustained damages in an amount in excess of $3,573,259.58, plus interest and the costs of bringing this action, including reasonable attorneys' fees.

WHERFORE, Provident demands judgment against Bresky for damages in an amount in excess of $3,573,259.58, plus pre-judgment and post-judgment interest, Provident's reasonable attorneys' fees and costs incurred in connection with this action, and such other relief as the Court deems just and proper.

## COUNT III
## FRAUDULENT TRANSFER IN VIOLATION OF FLA. ST. § 726.105(1)(a)
### (Against All Defendants)

52. Provident incorporates herein by reference the allegations of paragraphs 1 through 51 of the Complaint.

53. Upon information and belief, commencing at about the time Bresky executed the Master Leases and continuing to the present, Bresky, individually and/or through entities Bresky directed and/or controlled, including Shandoro, secretly transferred from time to time to Bresky, as trustee, the Bresky Practice, the Bresky Trust, Andrea Bresky, individually and as trustee, the Andrea Bresky Trust, Shandoro, Kenneth Bresky, the Kenneth Bresky Practice, the Kenneth Bresky Trust, Edwards, as trustee, Evergreen LP, the Evergreen Profit Sharing Trust, the Betty Ginsburg Trust, Sheryl Kessler, Brianna Kessler, Grant Kessler, the Sheryl Kessler Trust, Douglas Kessler, John Doe I, as trustee, John Doe II, as trustee, John Doe III, as trustee, John Doe IV, as trustee, John Doe V, as trustee, and/or John Doe VI, as trustee (collectively, the

"Fraudulent Transferees") significant assets owned and/or controlled by Bresky worth over $30,000,000 (the "Transferred Assets").

54. Bresky secretly transferred the Transferred Assets to the Fraudulent Transferees with the actual intent to hinder, delay and defraud Bresky's creditors, including Plaintiffs and Plaintiffs' assignors, to protect and preserve for Bresky's own use and benefit such Transferred Assets and to prevent and hinder Plaintiffs from collecting and receiving the amounts due under the Personal Guaranties.

55. The secret transfers of the Transferred Assets constitute fraudulent transfers under Section 726.105(1)(a) of the Florida Statutes.

WHEREFORE, Provident demands judgment against all Defendants as follows: (A) (i) judgment that the transfers of the Transferred Assets to the Fraudulent Transferees be set aside and annulled; (ii) an order declaring that the Fraudulent Transferees hold the Transferred Assets in trust for Provident; and (iii) an order enjoining any of the Defendants from disposing of any of the Transferred Assets; (B) judgment for damages in an amount in excess of $5,983,609.00; (C) an award of punitive damages in an amount in excess of $17,950,827; (D) pre-judgment and post-judgment interest; (E) Provident's reasonable attorneys' fees and costs incurred in connection with this action; and (F) such other relief as the Court deems just and proper.

## COUNT IV
## FRAUDULENT TRANSFER IN VIOLATION OF FLA. ST. § 726.105(1)(b)
## (Against All Defendants)

56. Provident incorporates herein by reference the allegations of Paragraphs 1 through 55 of the Complaint.

57. Bresky, individually and/or through entities controlled by Bresky, secretly transferred the Transferred Assets without receiving reasonably equivalent value in exchange for the transfers.

58. At the time Bresky secretly transferred the Transferred Assets, Bresky had incurred, intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due as a result of the secret transfers of the Transferred Assets.

59. The secret transfers of the Transferred Assets constitute fraudulent transfers under Section 726.105(1)(b) of the Florida Statutes.

WHEREFORE, Provident demands judgment against all Defendants as follows: (A) (i) judgment that the transfers of the Transferred Assets to the Fraudulent Transferees be set aside and annulled; (ii) an order declaring that the Fraudulent Transferees hold the Transferred Assets in trust for Provident; and (iii) an order enjoining any of the Defendants from disposing of any of the Transferred Assets; (B) judgment for damages in an amount in excess of $5,983,609.00; (C) an award of punitive damages in an amount in excess of $17,950,827; (D) pre-judgment and post-judgment interest; (E) Provident's reasonable attorneys' fees and costs incurred in connection with this action; and (F) such other relief as the Court deems just and proper.

## COUNT V
## FRAUDULENT TRANSFER IN VIOLATION OF FLA. ST. § 726.106(1)
## (Against All Defendants)

60. Provident incorporates herein by reference the allegations of Paragraphs 1 through 59 of the Complaint.

61. Bresky, individually and/or through entities controlled by Bresky, secretly transferred some or all of the Transferred Assets to the Fraudulent Transferees after the claims of Provident or Provident's assignors under the Master Leases and the Supplementary Schedules arose, without receiving a reasonably equivalent value in exchange for those secret transfers.

62. At the time those secret transfers of the Transferred Assets were made, Bresky was insolvent or became insolvent as a result of those secret transfers of the Transferred Assets.

{M1301063_1}

63. The secret transfers of the Transferred Assets constitute fraudulent transfers under § 726.106(1) of the Florida Statutes.

WHEREFORE, Provident demands judgment against all Defendants as follows: (A) (i) judgment that the transfers of the Transferred Assets to the Fraudulent Transferees be set aside and annulled; (ii) an order declaring that the Fraudulent Transferees hold the Transferred Assets in trust for Provident; and (iii) an order enjoining any of the Defendants from disposing of any of the Transferred Assets; (B) judgment for damages in an amount in excess of $5,983,609.00; (C) an award of punitive damages in an amount in excess of $17,950,827; (D) pre-judgment and post-judgment interest; (E) Provident's reasonable attorneys' fees and costs incurred in connection with this action; and (F) such other relief as the Court deems just and proper.

## COUNT VI
## FRAUDULENT TRANSFER IN VIOLATION OF FLA. ST. § 726.106(2)
## (Against All Defendants)

64. Provident incorporates herein by reference the allegations of Paragraphs 1 through 63 of the Complaint.

65. Bresky, individually and/or through entities controlled by Bresky, secretly transferred some or all of the Transferred Assets to the Fraudulent Transferees after the claims of Provident or Provident's assignors under the Master Leases and the Supplementary Schedules arose.

66. Each of the Fraudulent Transferees is an "insider" pursuant to § 726.102(7) of the Florida Statutes.

67. At the times those secret transfers of the Transferred Assets were made, Bresky was insolvent and each of the Fraudulent Transferees had reasonable cause to believe that Bresky was insolvent.

68.     To the extent that any of the transfers of the Transferred Assets to the Fraudulent Transferees were made to satisfy an antecedent debt of Bresky, those transfers constituted fraudulent transfers under § 726.106(2) of the Florida Statutes.

WHEREFORE, Provident demands judgment against all Defendants as follows: (A) (i) judgment that the transfers of the Transferred Assets to the Fraudulent Transferees be set aside and annulled; (ii) an order declaring that the Fraudulent Transferees hold the Transferred Assets in trust for Provident; and (iii) an order enjoining any of the Defendants from disposing of any of the Transferred Assets; (B) judgment for damages in an amount in excess of $5,983,609.00; (C) an award of punitive damages in an amount in excess of $17,950,827; (D) pre-judgment and post-judgment interest; (E) Provident's reasonable attorneys' fees and costs incurred in connection with this action; and (F) such other relief as the Court deems just and proper.

## JURY DEMAND

Provident demands trial by jury of all matters triable by jury.

*[signature]*
Robert B. Macaulay
(Florida Bar No. 378445)
Adorno & Yoss, LLP
2525 Ponce De Leon Blvd.
Suite 400
Coral Gables, Florida 33134
Phone: (305) 460-1000
Fax:  (305) 460-1422

*Attorneys for The Provident Bank*

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## 1. (a) Plaintiffs
THE PROVIDENT BANK

**NIGHT BOX FILED**
JAN 11 2005
CLARENCE MADDOX
CLERK USDC / SDFL / MIA

### Defendants
ROY H. BRESKY, et al

**05-80022**

CIV-HURLEY
/HOPKINS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
Cuyahoga County, Ohio

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
Palm Beach County

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert B. Macaulay, Esq.
Adorno & Yoss, LLP
2525 Ponce de Leon Blvd., Suite 400
Miami, Florida 33134-6012
305-460-1000

West Palm Beach / 05-80022 - Hurley / Hopkins

ATTORNEY (IF KNOWN)
Craig B. Sherman, Esq.
Sherman Law Offices
1000 Corporate Drive, Suite 310
Fort Lauderdale, Florida 33334-3655

(d) CHECK COUNTY WHERE ACTION AROSE:
☐ DADE, ☐ MONROE, ☐ BROWARD, ☒ PALM BEACH, ☐ MARTIN, ☐ ST. LUCIE, ☐ INDIAN RIVER, ☐ OKEECHOBEE, ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A. CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ᴮ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ᴮ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 SC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability |  | ᴮ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiate Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ᴮ☐ 630 Liquor Laws | A PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 368 Asbestos Personal Injury Product Liability | ᴮ☐ 640 R R & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability |  | ᴮ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ᴮ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine |  | ᴮ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ᴮ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ᴮ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS |  | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ᴮ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ᴮ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS | ☐ 790 Other Labor Litigation | ᴬ☐ 870 Taxes (U.S. Plaintiff of Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ᴮ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ᴬ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc. Security Act |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ᴮ☐ 540 Mandamus & Other |  | ᴬ☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Property |  | ᴮ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of Personal Guaranty; Fraudulent Transfer of Assets

Length of Trial
Via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $5,983,609
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASES IF ANY
(See instructions):
Judge _____ Docket Number _____

DATE: 01/11/05
SIGNATURE OF ATTORNEY OF RECORD
Robert B. Macaulay

**FOR OFFICE USE ONLY**
RECEIPT #: _____ AMOUNT $: _____ APPLYING IFP: $150.00 JUDGE 913994 MAG. JUDGE _____
01/12/05